UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| AMANDA THOMPSON, : | CASE NO. 14-CV-01197 |
| Plaintiff, : | |
| v. : | OPINION AND ORDER |
| : | [Resolving Doc. 42] |
| CITIZENS NATIONAL BANK, et al. : | |
| Defendant. : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Amanda Thompson brings conversion and other claims against Defendants Citizens National Bank, et al.[1] Plaintiff Thompson alleges that her signature had been forged on key documents related to the investment account at issue.[2] Plaintiff now moves to exclude Defendants' late identified expert.[3] For the reasons below, this Court **DENIES** Plaintiff's motion and **ORDERS** Defendants to provide their Rule 26 expert report by August 5, 2016 and to make the late identified expert available for deposition if requested by Plaintiff. This Court also **ORDERS** Plaintiff to provide their Rule 26 expert report by August 5, 2016.

On April 6, 2016, Plaintiff identified her expert forensic document examiner as Vickie Willard.[4] On April 7, 2016, this Court held a status conference with the parties.[5] At the status conference, this Court directed Plaintiff to identify her experts by May 9, 2016 and Defendants to identify their experts by May 30, 2016. The Court's order was entered on the docket on April 11, 2016.[6]

---

[1] Doc. 12.
[2] *Id*.
[3] Doc. 42.
[4] *Id*.
[5] Doc. 33.
[6] Doc. 34, 35.

Case No.14-CV-01197
Gwin, J.

On June 7, 2016, Defendants emailed Plaintiff's counsel to advise of their intention to use Grant Sperry as a forensic document examiner expert.[7]

"Courts prefer to decide cases on the merits whenever possible."[8] Given that the forgery is a central issue to the merits of the case, this Court finds that a one week delay in identification is not sufficient to exclude an expert who might be used as a forensic document examiner. Moreover, trial in this matter is set for October 10, 2016, over four months from when Defendants identified their expert. This Court does not believe that Defendants' one week delay in identifying their expert, when the trial is still months away, unfairly prejudiced Plaintiff.

For the reasons above, this Court **DENIES** Plaintiff's motion and **ORDERS** Defendants to provide their Rule 26 expert report by August 5, 2016 and to make the late identified expert available for deposition if requested by Plaintiff. This Court also **ORDERS** Plaintiff to provide their Rule 26 expert report by August 5, 2016.

IT IS SO ORDERED.

Dated: July 18, 2016                           *s/     James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[7] Doc. 42-3.
[8] *In re Wal-Mart ATM Fee Notice Litig.*, No. 2:10-CV-2620-JPM-DKV, 2013 WL 3776210, at *2 (W.D. Tenn. July 16, 2013) (citing *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983)).