```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
AMANDA THOMPSON,                          :    Case. No. 1:14-CV-1197
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :
                                          :    OPINION & ORDER
CITIZENS NATIONAL BANCORP, INC.,          :    [Resolving Docs. 59, 61, 62, 64, 65, 67]
et al.,                                   :
                                          :
            Defendants.                   :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 3, 2014, Plaintiff Amanda Thompson filed a complaint against Defendants Citizens National Bank ("CNB"), Skidmore "Camm" Garrett, and Philip Bethune.[1]

On June 27, 2016, Defendants CNB and Garrett moved for summary judgment.[2] Defendants then filed a motion to supplement their summary judgment motion.[3] Defendants argue that because Plaintiff failed to disclose this lawsuit in her bankruptcy proceeding, it should be dismissed.[4] Alternatively, Defendants want the Court to substitute the bankruptcy trustee Marvin A. Sicherman for Plaintiff Thompson.[5] Plaintiff opposes Defendants' supplementary arguments,[6] and has moved to join the trustee as a plaintiff in this case.[7]

Under Federal Rule of Civil Procedure 17(a)(3), courts "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable

---

[1] Doc. 1. Philip Bethune is no longer a defendant in the case. Doc. 21.
[2] Doc. 44.
[3] Doc. 59. Brief in Support. Doc. 60.
[4] *Id*. at 1.
[5] *Id*.
[6] Doc. 61. Defendants replied. Doc. 65.
[7] Doc. 62. Defendants opposes. Doc. 64. Plaintiff replied. Doc. 67.

Case No.14-cv-1197
Gwin, J.

time has been allowed for the real party in interest to ratify, join, or be substituted into the action."[8]

This Court finds that Trustee Sicherman has been properly joined. The parties agree that the trustee is a real party in interest in this case.[9] Plaintiff Thompson moved to join the trustee within 10 days of Defendants' objection to the trustee's absence. Plaintiff's motion was made within a reasonable time. Thus, joinder is appropriate.

The Court also finds that Plaintiff Thompson remains a real party in interest. Although the trustee generally has the right to pursue a debtor's causes of action,[10] it appears that the trustee has returned a portion of that right to Plaintiff Thompson.[11] Defendants cite to two out of circuit cases in arguing that Plaintiff Thompson cannot remain in the case.[12] Neither applies here.[13]

For the reasons above, this Court **GRANTS** Plaintiff's motion for joinder and **DENIES** Defendants' request to dismiss Plaintiff Thompson.


IT IS SO ORDERED.


Dated: September 16, 2016                    *s/      James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[8] Fed. R. Civ. P. 17; *see also* Knight v. New Farmers Nat. Bank, 946 F.2d 895 (6th Cir. 1991).
[9] Doc. 62 at 1; Doc. 60 at 2.
[10] Bauer v. Commerce Union Bank, Clarksville, Tennessee, 859 F.2d 438, 441 (6th Cir. 1988) (citing Jefferson v. Mississippi Gulf Coast YMCA, 73 B.R. 179, 181–82 (S.D.Miss.1986)).
[11] *See In re Thompson*, 14-BR-15948 (Bankr. N.D. Ohio), Doc. 83 (entitling Plaintiff Thompson to one-third of the recovery in this case).
[12]*See* Farrell Const. Co. v. Jefferson Parish, La., 896 F.2d 136, 140 (5th Cir. 1990); Wieburg v. GTE Southwest Inc., 272 F.3d 302, 307 (5th Cir. 2001).
[13] The issue in *Farrell*—whether a subcontractor could participate in a suit brought by a general contractor—is not relevant here. *Wieburg* is factually similar to this case. However, in that case, the court was concerned that after granting debtor the right to pursue her claim, the trustee might still be able to later bring the same claim against the defendant. Such a scenario would violate the "fundamental purpose of Rule 17(a)—assuring [defendant] that res judicata will protect it." *Id*. at 307. Here, with both Thompson and the trustee as plaintiffs, the Court has no such concern.